IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

MATTHEW PAVEY, and CODY MILLER, Corporal;[1]

Defendants.

**8:23CV214**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Amended Complaint. Filing Nos. 15, 16, 17, and 18. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). For the reasons that follow, only Plaintiff's Eighth Amendment claim against defendant Corporal Cody Miller will proceed to service of process.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS") and is currently confined in the Reception and Treatment Center ("RTC") in Lincoln, Nebraska. Plaintiff filed his original Complaint on May 24, 2023, Filing No. 1, and the matter was assigned to Senior District Judge Joseph Bataillon. On April 18, 2024, Judge Bataillon determined that Plaintiff could proceed in forma pauperis under 28 U.S.C. § 1915(g)'s imminent danger exception.[2] Filing No. 14. Judge Bataillon also

[1] The Court has corrected the spelling of "Corporal" in the caption.

[2] Because Plaintiff, while a prisoner, has previously filed three or more cases that were dismissed as frivolous or for failure to state a claim for relief, he cannot proceed in forma pauperis unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Lightfeather v. McSwine*,

conducted an initial review of Plaintiff's Complaint, Filing No. 1, and supplements, Filing No. 8; Filing No. 9, and concluded Plaintiff failed to state a claim upon which relief may be granted but gave Plaintiff leave to file an amended complaint. Filing No. 14. On May 9 and May 13, 2024, Plaintiff timely filed his Amended Complaint, which consists of Filing Nos. 15, 16, 17 and 18, which he had to file separately due to his inability to afford postage to mail all the documents in one filing, *see* Filing No. 17.

On May 12, 2025, this matter was reassigned to the undersigned after Judge Bataillon recused himself, *see* Filing No. 21; Filing No. 22, and is now subject to initial review.

## II. SUMMARY OF AMENDED COMPLAINT[3]

Plaintiff sues Corporal Cody Miller ("Corporal Miller"), a corrections officer at the RTC, and Matthew Pavey ("Pavey"), an NDCS inmate, in their individual capacities for allegedly conspiring to violate Plaintiff's Eighth Amendment rights. Filing No. 16 at 2–3. Plaintiff alleges the following as his "Statement of Claim":

Plaintiff was Pavey's cellmate in the RTC in January 2023 until February 10, 2023, and after Plaintiff moved to a different cell, a correctional officer named "Corporal Hoffman went to Pavey . . . and designed a lie . . . . that [Plaintiff] told on Pavey, when [Plaintiff] didn't." Filing No. 18 at 4. Corporal Hoffman resigned in 2023.

No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. § 1915(g)).

[3] As indicated above, the Court considers Filing Nos. 15, 16, 17, and 18 as making up the Amended Complaint. The Court does not consider any of Plaintiff's miscellaneous supplements and letters filed after June 5, 2025, as part of the Amended Complaint. *See* Filing Nos. 23, 25–32. The Court has reviewed these filings and determined they are irrelevant to the claims alleged in the Amended Complaint and were filed contrary to the Court's April 18, 2024, initial review order prohibiting "the piecemeal filing of supplemental materials in this case." Filing No. 14 at 26 (emphasis omitted).

On March 8, 2023, Plaintiff was placed in "cell #3 R.G. Gallery the 'suicide observation unit'" within the H-3 Unit of the Skilled Nursing Facility ("SNF") of the RTC. Filing No. 18 at 2. Corporal Miller was in charge of H-3 Unit security. On or around March 14, 2023, Pavey used his state-assigned tablet to make a 3-way phone call to his girlfriend who then dialed phone numbers for Pavey, and Pavey spoke to Miller and Behavioral Case Worker Anna Lewis ("Lewis"). "From that phone call a hit for hire was placed to have the Plaintiff murdered." Filing No. 18 at 2 (emphasis omitted). Pavey offered Corporal Miller $5,000, "and Corporal Cody Miller took the offer and then offered an inmate $100 dollars in a store sack to stab . . . the Plaintiff on the H-3 SNF Unit of the R.T.C." Filing No. 18 at 2 (spelling corrected).

Plaintiff was then escorted from R.G. Gallery cell #3 to F.G. Gallery cell #4 by Corporal Miller, Nurse Lori Decoster ("Nurse Decoster"), and Lewis. "F.G. Gallery is the unrestrained, modified SNF H-3 Gallery." Filing No. 18 at 3. At 1:30 p.m. on March 15, 2023, the day after Pavey made his phone call, "a plot to have cell #4 opened for the amount of $5000 dollars to have plaintiff Austin Lightfeather . . . murdered and for the amount of $100 dollars store sack was offered." Filing No. 18 at 3. Plaintiff "witnessed Corporal Cody Miller having a sharp object in his hand that he passed through the cell hatch of #2 SNF H-3 F.G. Gallery." Filing No. 18 at 3. Plaintiff then yelled and screamed to get the attention of another officer, and he spoke to Nurse Decoster, LIMHP Therapist Micky Swornson, and Unit Manager Nicolas Nuyer, none of whom would approve Plaintiff's move to a different location. Plaintiff yelled for five to ten minutes, threatened to damage the sprinkler head in his cell #4, claimed he was suicidal, and removed his shirt and displayed self-harm by choking himself with the shirt, but he still was not moved. Plaintiff then spat on and covered his window, and Corporal Miller gave Plaintiff "verbal directives to

uncover the camera." Filing No. 18 at 4. When Plaintiff did not obey, Lewis and Corporal Miller cuffed Plaintiff and moved him to R.G. Gallery cell #3 SNF H-3 Unit where he "was placed on suicide watch plan A status." Filing No. 18 at 4.

Plaintiff alleges the "hit to collect $5000 is still active upon [his] death within NDCS arranged by . . . Pavey," Filing No. 18 at 4, who has a "[h]istory of paying to have a hit for hire put into place" and "paid $500 . . . to stab an inmate named Selvester, A.K.A. Sly, . . . on Housing Unit 1 protective custody unit," Filing No. 18 at 6 (emphasis omitted). Pavey also "stalked [Plaintiff] twice" on July 10, 2023, which "scared [Plaintiff] into going to staff to report the stalking." Filing No. 18 at 5 (emphasis omitted). Plaintiff made requests to NDCS Director Robert Jeffreys, Warden Taggart Boyd, and Corporal Miller to move to a different facility away from Pavey, but his requests were denied.

When he filed his Amended Complaint, Plaintiff was still in the RTC with Corporal Miller and Pavey. Plaintiff alleges he fears for his safety from inmates in the RTC and "NDCS officials will not grant me protective custody to transfer to PC [Protective Custody] at [Tecumseh State Correctional Institution's] Housing Unit 1." Filing No. 18 at 5. Also, "Facility Administrators have since denied a keep separate on [Pavey] when [Plaintiff] was under the solid impression that one was put into place in 2023 by Intelligence officials." Filing No. 18 at 5.

As relief, Plaintiff wants the Court to establish a "keep separate central monitoring" between Plaintiff and Pavey and Plaintiff and Corporal Miller, and Plaintiff seeks to be transferred to protective custody in the Tecumseh State Correctional Institution ("TSCI"). Filing No. 18 at 6–7. Plaintiff also seeks $80,000 in damages from Corporal Miller. Lastly, Plaintiff seeks

damages and other speculative relief in the event he is "murdered on the events reported to NDCS and the Federal courts." Filing No. 18 at 7.

**III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must allege facts showing "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). As explained below, Plaintiff does not seek any available relief against Pavey, but his Eighth Amendment claim against Corporal Miller may proceed forward.

### A. Plaintiff's Requested Relief

Plaintiff sues Corporal Miller and Pavey in their individual capacities and seeks the following relief: (1) injunctive relief in the form of a "keep separate central monitoring" established between Plaintiff and both defendants and transfer to TSCI protective custody, Filing No. 18 at 6–7, (2) $80,000 in damages from Corporal Miller, and (3) $12,000,000 in damages if Plaintiff is "murdered on the events reported to NDCS and the Federal courts" to compensate Plaintiff's family for his "wrongful death," Filing No. 18 at 7. Plaintiff, however, cannot obtain much of the relief he seeks in this § 1983 action.

First, "section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." *Hines v. Smith*, No. 16-CV-3797, 2018 WL 7050674, at *3 (D. Minn. Dec. 20, 2018) (quoting *Greenwalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) and citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing

*Hafer v. Melo*, 502 U.S. 21, 30 (1991)); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004) (noting that injunctive and equitable relief are not available in § 1983 individual-capacity suits)). Even if Plaintiff had sued the defendants in their official capacities, neither Corporal Miller nor Pavey is alleged to be a state official with the authority to provide the prospective injunctive relief requested. *See Gardner v. Minnesota*, No. 16-CV-03999-JNE-KMM, 2019 WL 1084714, at *14 (D. Minn. Jan. 15, 2019), *report and recommendation adopted*, No. 16-CV-3999, 2019 WL 1086338 (D. Minn. Mar. 7, 2019) ("official-capacity claims for prospective injunctive relief should be asserted against defendants who are capable of making policy changes") (citing cases). In addition, "prisoners have no choice of cell placement, transfer within a prison, or transfer to another prison as such decisions fall within the discretion of prison officials." *Hines*, 2018 WL 7050674, at *3 (citing *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984)). Thus, Plaintiff fails to state a claim for the injunctive relief he seeks against the defendants.

Plaintiff also includes a request for millions of dollars in damages "to hold NDCS accountable" in the event Plaintiff is murdered due to the events alleged in his Amended Complaint. Filing No. 18 at 7. Plaintiff "may not, however, seek compensatory damages for an injury that has not occurred" because "compensatory damages are designed to undo the harm that the defendant caused. If the damage has not yet occurred, there is nothing to restore." *Shaheen v. HSBC Bank*, 283 F.R.D. 344, 349–50 (E.D. Mich. 2012). Plaintiff's request for these speculative damages is frivolous and will be dismissed.

As to Plaintiff's claims for damages against Corporal Miller, Plaintiff's alleged injuries include psychological trauma and paranoia, stress, unspecified "blood loss," and "becoming sick from food poisoning with retaliation of Cody

Miller." Filing No. 15 at 1; Filing No. 16 at 7. Plaintiff, however, does not allege any facts in his Amended Complaint connecting Corporal Miller's actions to his alleged physical injuries. Rather, such injuries seemed to be related to Plaintiff's claims in his original Complaint regarding contaminated food trays, which the Court dismissed on initial review. *See* Filing No. 14 at 10–11, 16, 23–24. With respect to Plaintiff's alleged psychological injuries, the Prison Litigation Reform Act ("PLRA") bars inmates from pursuing federal civil claims "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The PLRA therefore limits the available damages in the absence of a physical injury but does not preclude Plaintiff from recovering nominal and punitive damages.[4] *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

In sum, Plaintiff cannot recover his requested injunctive relief or damages for his possible future death from the defendants and such claims for relief will be dismissed. Plaintiff also does not seek any damages or other available relief from defendant Pavey, and the Court will, therefore, dismiss Pavey from this action as Plaintiff fails to state a claim for relief against him. As to Corporal Miller, Plaintiff may be limited in the relief he can obtain from this defendant, but some damages remain available to him. And, as explained below, Plaintiff's Amended Complaint states a claim for relief against Corporal Miller.

---

[4] As this Court has noted, "punitive damages are potentially available in § 1983 actions, although on a limited basis, [and] they have the potential to survive initial review." *Robinson v. Carson*, No. 8:23CV137, 2023 WL 6880153, at *3 n.9 (D. Neb. Oct. 18, 2023) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002) ("Unlike compensatory damages, which are mandatory and are awarded as a matter of right once liability is established, punitive damages are awarded or rejected in a particular case at the discretion of the fact finder once sufficiently serious misconduct by the defendant is shown.")).

**B. Eighth Amendment Claim**

Plaintiff's allegations that Corporal Miller conspired with an inmate to murder Plaintiff in exchange for financial compensation raises an Eighth Amendment failure-to-protect claim. *Irving v. Dormire*, 519 F.3d 441, 447 (8th Cir. 2008); *Arnold v. Groose*, 109 F.3d 1292, 1298 (8th Cir. 1997). In order to prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, the inmate must demonstrate that he or she is "'incarcerated under conditions posing a substantial risk of serious harm.'" *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The second requirement concerns the state of mind of the prison official who is being sued. *Id.* It mandates that the inmate show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* (internal quotation omitted). "Prison officials are bound by the Eighth Amendment to take 'reasonable measures to guarantee the safety of the inmates.'" *Irving*, 519 F.3d at 447 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Here, Plaintiff alleges Corporal Miller spoke by phone with Pavey and accepted Pavey's offer to kill Plaintiff in exchange for $5000. Corporal Miller then was involved in moving Plaintiff to "the unrestrained, modified SNF H-3 Gallery," he offered another inmate $100 to stab Plaintiff, and Plaintiff witnessed Corporal Miller handing a sharp object through the hatch of cell #2 in the same gallery as Plaintiff. Filing No. 18 at 3. Plaintiff then screamed, yelled, and otherwise drew attention to himself until he was moved to a different gallery and cell by Corporal Miller where he was placed on suicide watch. Though no attack was made on Plaintiff's life, he alleges Pavey's "hit" on him remains active. Filing No. 18 at 4.

Liberally construed, and taken as true, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Corporal Miller. "[W]hen prison officials are alleged to have conspired to murder an inmate for their own personal (as opposed to institutional or penological) purposes . . . , those allegations, if proved at trial, would suffice to show that the defendants were 'deliberately indifferent' to the safety of the plaintiff." *Arnold*, 109 F.3d at 1298. The Eighth Circuit has held that death threats "accompanied by conduct supporting the credibility of the threat" and which place the inmate in fear for their life are actionable under the Eighth Amendment "even though no physical harm was suffered." *Irving*, 519 F.3d at 448-49 (internal quotation omitted). In *Arnold v. Groose*, "a conspiracy between guards and inmates to kill Arnold was actionable only after an aborted attempt on Arnold's life." *Irving*, 519 F.3d at 449 (citing *Arnold*, 109 F.3d at 1296). In *Irving v. Dormire*, the Eighth Circuit held that a prison guard's repeated threats to kill Irving or have him killed or assaulted, his attempt to arm Irving's enemy with a razor blade, and the fear such threats induced "form[ed] the basis of an injury sufficiently serious to implicate the Eighth Amendment." *Id.* Plaintiff's allegations are similar to the *Arnold* and *Irving* cases and, at the initial review stage, are sufficient to proceed to service of process.

## IV. PENDING MOTION

On June 13, 2025, Plaintiff filed a motion in which he discusses multiple unrelated cases proceeding before this Court, as well as the instant matter, requesting all of them be "granted." Filing No. 24. As relief he also seeks release from incarceration, to be removed from the sex offender registry, the "arrest" and jailing of prison employees, having a federal holiday named after him, and apparently asking this Court to bring criminal charges against individuals for crimes committed against his sister. None of the relief Plaintiff seeks is available to him here.

First, to the extent Plaintiff seeks relief in other pending cases in this District, this Court may not address cases unrelated to this matter in this case. *See, e.g.*, *Carter v. Husker Auto Grp. & Mfr.*, No. 8:23CV218, 2024 WL 5047844, at *3 (D. Neb. Dec. 9, 2024). And, Plaintiff's relief in the instant matter is limited to only those forms that are cognizable in § 1983 actions. "The Supreme Court has explained that 42 U.S.C. § 1983 creates a species of tort liability where the basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Markham v. Tolbert*, No. 22-CV-0187, 2022 WL 17819354, at *11, n. 1 (D. Minn. Dec. 20, 2022) (emphasis in original) (quotations omitted) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986)). "[T]o the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted); *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (forms of relief that call into question the validity of a plaintiff's conviction and/or sentence are not available under § 1983).

This Court is also unable to bring criminal charges, *see, e.g.*, *Hulbin v. White*, No. CV 19-174-P, 2020 WL 13724233, at *1 (W.D. La. Apr. 14, 2020) (dismissing case brought pursuant to 42 U.S.C. § 1983 seeking criminal charges against other individuals as outside the scope of relief available), and cannot create federal holidays, *see, e.g.*, *Yanko v. United States*, 127 Fed. Cl. 682, 685 (2016), *aff'd*, 869 F.3d 1328 (Fed. Cir. 2017) (discussing federal holidays as created by Federal statute or Executive Order). Finally, even if this Court were able to bring criminal charges against another individual, Plaintiff

does not have standing to seek relief on behalf of his sister. *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Thus, for the foregoing reasons, Plaintiff's motion, Filing No. 24, is denied.

## V. CONCLUSION

Plaintiff's claims for injunctive relief and damages for a potential future injury are dismissed for failure to state a claim. The Court also dismisses Matthew Pavey as a defendant to this action as Plaintiff does not seek any available relief from Pavey. Plaintiff has alleged sufficient facts to state an Eighth Amendment claim upon which relief may be granted against Corporal Miller in his individual capacity, and this matter will proceed on that claim alone. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for injunctive relief and for speculative damages for potential future injuries are dismissed without prejudice.

2. Defendant Matthew Pavey is dismissed as a party to this action without prejudice for failure to state a claim for relief against him. The Clerk of Court is directed to terminate Matthew Pavey as a defendant to this action.

3. Plaintiff's Eighth Amendment claim against defendant Corporal Cody Miller in his individual capacity may proceed to service of process. The Clerk of Court is directed to update the caption to reflect that "Corporal Cody Miller, in his individual capacity," is the sole defendant.

4. For service of process on defendant Corporal Cody Miller in his individual capacity, the Clerk of the Court is directed to complete two sets of

summons and USM-285 forms for the defendant. The address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509.

The address for the second set of forms is:

> Nebraska Department of Correctional Services
> Reception and Treatment Center
> 3218 West Van Dorn Street
> Lincoln, NE 68542.

5. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Amended Complaint, Filing No. 15; Filing No. 16; Filing No. 17; Filing No. 18, and this Memorandum and Order to the United States Marshals Service.

6. The Marshals Service shall serve defendant Corporal Cody Miller in his individual capacity by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

7. The Marshals Service shall also serve defendant Corporal Cody Miller in his individual capacity by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' address indicated above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

8. For service by certified mail or designated delivery service, the Marshals Service shall send the summons to the defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

9. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[5]

10. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

11. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

12. The Clerk of Court is directed to set a case management deadline in this case with the following text: **March 23, 2026**: service of process to be completed.

13. Plaintiff's pending motion, Filing No. 24, is denied.

14. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 22nd day of December, 2025.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge